IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 04-647-1 |
| | : | |
| ENRIQUE IGLESIAS | : | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE IN
OPPOSITION TO MOTION TO REDUCE SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

Enrique Iglesias, by counsel undersigned, submits the instant reply to the government's opposition to his motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and respectfully requests a reduction of sentence to time served.

The government concedes that Mr. Iglesias presents extraordinary and compelling reasons warranting a reduction in sentence. Govt. Resp. 11, fn 4. It nevertheless opposes release based on a perceived danger to the community. Respectfully, the government's focus on Mr. Iglesias's conduct nearly two decades ago is misdirected. A proper analysis that considers whether the time Mr. Iglesias has served in prison is minimally sufficient to comply with the statutory purposes of sentencing, and what, if any, risk Mr. Iglesias, age 66, poses to public safety after sixteen years in jail, compels the finding that release is appropriate.

Mr. Iglesias has served sixteen years in prison and is 66 years old. The government's baseless assertion that his health issues are "well controlled" is simply not correct. The latest medical report indicates Mr. Iglesias suffers from untreated diabetes. Of equal or greater concern is that he has not undergone an angiogram to determine the extent of artery blockage as recommended by the cardiologist, Dr. Mark Soffer, who indicated that despite the pandemic, the

test should be done "sooner rather than later."[1] Looking to Mr. Iglesias's recent conduct and history, there exists no objective basis to assert that Mr. Iglesias presents a danger to the community today. The government here can cite only to pre-offense criminal history occurring more than 20 years ago. As argued previously, there is no violence associated with the instant offense. Mr. Iglesias acknowledges the three incidents of misconduct in 2005, while he was incarcerated at the Federal Detention Center prior to his designation.

More relevant to the question of who Mr. Iglesias is today. He has served more than a decade and a half in jail. During that time, his security classification has steadily decreased. Mr. Iglesias was originally designated to a penitentiary and was moved to a medium security facility. He is now classified as low security at FCI Fort Dix. Notably, his disciplinary infractions occurred at the beginning of his incarceration while he was at the Federal Detention Center awaiting trial and then designation. He has incurred only a single infraction since then-- misuse of a phone in 2017, when his mother died.

Mr. Iglesias's post-offense conduct, not mentioned by the government, proves this very point. He has taken advantage of educational, vocational and life-skills programming. *See previously filed*, Def. Mtn. Exhibit D. So too, the government's concern over safety ignores three critically important considerations-- the indisputable effect of the aging process which significantly reduces recidivism, that Mr. Iglesias will remain under the supervision of United States Probation and this Court for five years following his release; and finally, that he will reside with his sister and brother in law, a retired police officer, in a supportive and stable home environment.

---

[1] Undersigned counsel submitted a copy of the cardiology report to the Court by letter on December 30, 2020.

In addition, it must be noted here that, despite the government's detailed explanation of the Bureau of Prisons "plan," now in its ninth phase, BOP efforts with regard to the COVID-19 pandemic have either not been in fact implemented, have simply failed, or sadly, some combination of the two. Thus, putting forth BOP claims of its efforts are irrelevant to the reality of what's going on at FCI Fort Dix. The government's brief in opposition, (ECF. No. 136), blithely cites the staggering COVID-19 cases for the Court. The government has indicated the BOP has put forth "strenuous efforts." However, despite these efforts, as of January 8, 2021, as noted in their brief, there are 724 people infected with the virus, and 566 people have recovered. Over the weekend, the numbers of those infected increased—in spite of the BOP plan and precautionary measures.[2] According to the statistics available for FCI Fort Dix on Bureau of Prisons website just today, there are 789 inmates infected and 23 staff, with 530 inmates and 45 recovered.[3] These numbers, terrifying on their own, present a great threat to Mr. Iglesias, who is obese, has a high BMI; hypertension; hyperlipidemia; untreated Type II diabetes and a "very high" MESA number indicating blocked arteries. It remains a mystery when and if FCI Fort Dix, currently dealing with an uncontrolled and worsening outbreak, can address the testing and provide the appropriate and proper treatment Mr. Iglesias desperately needs.

Upon weighing all relevant factors, it is clear that Mr. Iglesias no longer presents a danger to the community. He has significant family connections. Family members communicate with him regularly and maintain involvement with him. The Court can rely on Mr.

---

[2] On December 16, 2020, the defense filed a petition for compassionate release. On that date, 12 inmates were infected. On December 30, 2020, the defense submitted a letter to the Court with additional medical information and updated statistics regarding infected inmates and staff at FCI Fort Dix. On December 31, 2020, 442 inmates were infected with the virus and 11 staff. www.bop.gov

[3] www.bop.gov

Iglesias's post offense rehabilitation as well as the concern and involvement of his sister, brother in law, and his adult daughter, to assist him with smoothly re-entering the community. The previously imposed term of supervised release also mitigates any danger he might pose.

                                          Respectfully submitted,

                                          */s/ Maranna J. Meehan*
                                          MARANNA J. MEEHAN
                                          Assistant Federal Defender

## CERTIFICATE OF SERVICE

  I, Maranna J. Meehan, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I served a copy of the *Defendant's Reply to the Government's Response in Opposition to Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)* to be filed and served electronically through the Eastern District Clerk's Office Electronic Case Filing ("ECF") and/or electronic mail upon Christopher Diviny and Robert A. Zauzmer, Assistant United States Attorneys, United States Attorney's Office, 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

              */s/ Maranna J. Meehan*
              MARANNA J. MEEHAN
              Assistant Federal Defender

DATE:  January 11, 2021