IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 04-00647 |
| ENRIQUE IGLESIAS | |

**PAPPERT, J.**                                                                                                   March 5, 2021

**MEMORANDUM**

  Enrique Iglesias again seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in what the Court interprets to be a motion for reconsideration of the Court's January 19 Order denying his prior request. The Court denies the Motion.

I

A

  The Court detailed the factual and procedural history of Iglesias's case in its prior Memorandum. *See* (Jan 19 Mem., ECF 141). In short, Iglesias is a career offender most recently sentenced to 420 months' imprisonment for conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm by a convicted felon. (*Id.* at 1.) He moved for compassionate release in late 2020 arguing, *inter alia*, that he faced an increased risk of contracting and experiencing severe illness from COVID-19 based on prison conditions, his health conditions and his ethnicity. *See* (Mot. for Release 6–8, 31 , 38–41, 49–50, ECF 123); *see also* (Def.'s Letter to Court 1–3, ECF 127); (Suppl. Mot. for Release 11–15, ECF 132); (Def.'s Reply 3, ECF 139). He also claimed the 18 U.S.C. § 3553(a) sentencing factors supported his release. *See* (Mot. for Release 43–44, 46); (Suppl. Mot. for Release 15–19).

The Court denied Iglesias's Motion on January 19, 2021, explaining that his medical conditions presented extraordinary and compelling reasons that could, in an appropriate situation, justify release but release was inconsistent with the § 3553(a) sentencing factors. (Jan. 19 Mem. 6–8.) Notwithstanding his efforts toward skill development and rehabilitation during incarceration, Iglesias committed a serious offense that followed an extensive criminal history, including four past felony convictions involving controlled substances, use of a firearm during an assault, concealment of a deadly weapon and fraud. (*Id.* at 2, 8.) The Court found releasing him just over halfway through his sentence would not reflect the seriousness of his offense, promote respect for the law or provide just punishment for his actions. (*Id.* at 7–8.) And based on Iglesias's history as well as the escalation and acceleration of his crimes with age, he continued to present a danger to the community. (*Id.* at 8.)

Iglesias appealed on January 26, *see* (Notice of Appeal, ECF 144), but on March 1 filed his Second Motion for compassionate release. *See generally* (Second Mot. for Release, ECF 145). The Third Circuit dismissed the appeal the next day. (Order Dismissing Appeal, ECF 146.)

B

Iglesias's Second Motion seems to seek reconsideration because it primarily alleges the Court committed "clear error" in its January 19 decision. (Second Mot. for Release 1.) Specifically, Iglesias says the Court "apparently misapprehends and incorrectly applies binding Supreme Court precedent regarding the weight accorded post-sentencing conduct and rehabilitation," and accordingly it was "clear error" for the Court to conclude his release was inappropriate under the § 3553(a) sentencing factors

and because he remains a danger to the community.[1]  (*Id.*)  He contends the Court's decision has "inflict[ed] a manifest injustice" upon him.  (*Id.*)

## II

### A

A court may grant a motion for reconsideration if the movant shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued an order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  A movant must ground a motion for reconsideration in an argument already raised and overlooked by the Court, and cannot use the motion to relitigate issues the Court has already decided or assert new arguments.  *See United States v. Jasin*, 292 F. Supp. 2d 670, 676–77 (E.D. Pa. 2003); *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); *see also Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993) ("[A]ny litigant considering bringing a motion to reconsider based upon [clear error and manifest injustice] should evaluate whether what may seem to be a clear error of law is in fact simply a disagreement between the Court and the litigant." (citation omitted)).

The Third Circuit Court of Appeals has "never adopted strict or precise definitions for 'clear error of law or fact' or 'manifest injustice' in the context of a motion for reconsideration," but has "suggested that there is substantial, if not complete, overlap between the two concepts."  *In re Energy Future Holdings Corp.*, 904 F.3d 298,

---

[1] Iglesias also feels the Court did not give enough weight to his medical conditions or the circumstances at FCI Fort Dix.  (Second Mot. for Release 2–4, 10–11.)  He provides additional information about his health, including that he tested positive for COVID-19 in January of 2021.  (*Id.* at 3–4.)  The Court's decision did not turn on his health or the conditions at FCI Fort Dix, but rather on the Court's application of the § 3353(a) factors.

3

311 (3d Cir. 2018). The "focus" in determining whether a decision was clear error or imposed a manifest injustice "is on the gravity and overtness of the error." *Id.* at 312.

B

Iglesias's primary disagreement with the Court's January 19 ruling is that it "does not cite, address or refer in any way to the United States Supreme Court decision in *Pepper v. United States*, 562 U.S. 476 (2011)," which held that evidence of post-sentencing conduct may be relevant to the 3353(a) factors. *See* (Second Mot. for Release 9); 562 U.S. at 491. He feels that "sentence reduction to time served would be consistent with the principles enunciated in *Pepper*." (Second Mot. for Release 12.)

*Pepper*, however, does not mean a defendant must be released from prison if he engages in post-sentence rehabilitation. Rather, post-sentencing rehabilitation may be *pertinent*, not dispositive, to a court's analysis of the § 3553(a) factors. Courts are not required to reduce a defendant's sentence because he exhibits good conduct in prison, something he is expected to do.

Moreover, while the Court did not explicitly cite to *Pepper* in its January 19 Memorandum, as Iglesias acknowledges several times in his Second Motion the Court did account for his post-sentencing conduct in concluding the § 3553(a) factors counseled against relief. The Court's decision that other factors outweighed Iglesias's skill development and rehabilitative efforts was not anomalous—many courts in this Circuit have taken the *Pepper* principles into consideration and nonetheless found a defendant's compassionate release unwarranted. *See, e.g.*, *United States v. Spivey*, 471 F. Supp. 3d 621, 624 (E.D. Pa. 2020) ("Even considering evidence of Defendant's post-sentencing rehabilitation, *see United States v. Pepper* . . . the Court finds that the

4

Section 3353(a) factors do not warrant compassionate release."); *United States v. Martines*, No. 94-127-3, 2021 WL 427285, at *6 (Feb. 8, 2021) ("While Mr. Martines's rehabilitation is relevant to our consideration of [the § 3553(a)] factors, we find a reduced sentence would not reflect the extremely serious nature of Mr. Martines's offenses nor does it further the aims of punishment and deterrence."); *United States v. Weaver*, No. 99-02, 2020 WL 7425247, at *3 (W.D. Pa. Dec. 18, 2020) (finding defendant's coursework, employment and mentorship in prison "laudable," but "[s]till, these rehabilitative efforts simply do not erase his history of criminal convictions.") (internal quotations and citation omitted); *United States v. Evan*, No. 13-173, 2020 WL 614406, at *4 (W.D. Pa. Oct. 20, 2020) (despite defendant's post-sentence rehabilitation efforts, discipline-free conduct in prison, low PATTERN score, coursework and access to employment after incarceration, compassionate release inappropriate based on § 3553(a) factors); *United States v. Neal*, Nos. 2:08-cr-00628-5, 2:10-cr-00685-1, 2020 WL 5993290, at *8 (E.D. Pa. Oct. 9, 2020) ("While the Court certainly commends Neal's efforts at rehabilitation, this alone does not outweigh the seriousness of the offenses and the other sentencing considerations discussed herein."); *United States v. Martin*, No. 98-178, 2020 WL 3960433, at *8, 11 (E.D. Pa. July 13, 2020) (denying compassionate release based on § 3553(a) factors and because defendant presented danger to community, but "commend[ing] Mr. Martin for his excellent disciplinary record since 2004 and his extensive engagement with educational opportunities while incarcerated."). Nor was it clear error based on the facts of this case, Iglesias's criminal history as a career offender and his propensity to recidivate after imprisonment. As the Court said, Iglesias committed his current methamphetamine offense less than two

years after spending years in prison for his involvement in two conspiracies to manufacture methamphetamine.  (Jan. 19 Mem. 2.)

The Court continues to credit Iglesias's positive changes during incarceration. While these changes will hopefully benefit him upon release, they do not necessitate, or even compel, his release now given the weight of the § 3553(a) factors against it and the danger Iglesias still poses to the community.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
